UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APOLLO D. JOHNSON,

        Plaintiff,

v.

SCHAEFFER, et al.,

        Defendants.

_____/

Case No. 2:26-cv-10324

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

In this case, Plaintiff Apollo D. Johnson, presently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, alleges that while he was incarcerated at the Macomb Correctional Facility in Lenox Township, Michigan in 2025, several Michigan Department of Corrections (MDOC) officers verbally harassed him and retaliated against him. ECF No. 1. Johnson names MDOC Officers Schaeffer and Perry (first names unknown), Deputy Warden Robin Howard, and Warden Jeff Tanner as defendants in this case. *Id.* Johnson sues Schaeffer and Perry in their individual capacities and sues Howard and Tanner in their official capacities, seeking compensatory and punitive damages from each of them. *Id.* This Court granted Johnson leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). ECF No. 4.

# I. LEGAL STANDARD

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a federal district court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Because Johnson proceeds *pro se,* his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, Johnson is not immune from compliance with the Civil Rules. His complaint must still set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), one that would "give the defendant[s] fair notice" of what the claim is and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Further, his

complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (holding that the Civil Rule 12(b)(6) standard also applies to dismissals under § 1915(e)(2)(B)(ii)).

## II. DISCUSSION

### A. Verbal Harassment Claims

Johnson's complaint contains allegations of verbal harassment and threats by one or more of the defendants. *See* ECF No. 1. But any § 1983 claims based on these allegations must be dismissed because verbal harassment is not a constitutional violation and thus cannot be the basis for a § 1983 claim. *See Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim."); *Montgomery v. Harper*, No. 5:14-CV-P38-R, 2014 WL 4104163, *2 (W.D. Ky. Aug. 19, 2014) ("[H]arassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation."). In this way, Johnson's § 1983 claims based upon verbal harassment and threats do not state a claim upon which relief may be granted, so these claims must be dismissed.

### B. Claims Against Howard and Tanner

Some of Johnson's remaining claims must also be dismissed on the basis of

sovereign immunity. Johnson sues Deputy Warden Howard and Warden Tanner, who are both employees of the State of Michigan, in their official capacities and seeks only monetary damages as relief. *See* ECF No. 1. But the Eleventh Amendment bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009))."The State of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Thus, Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies," *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief. *McCormick*, 693 F.3d at 662 (citing *McKey v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)).

Because Howard and Tanner are employees of the State of Michigan who are

- 4 -

only sued in their official capacities for monetary damages, they are entitled to Eleventh Amendment immunity. *See Johnson*, 357 F.3d at 545. Johnson's allegations against Howard and Tanner must therefore be dismissed.

### C. Remaining Claims

Johnson's remaining claims against Corrections Officers Schaeffer and Perry alleging retaliation (in various forms), construed liberally, state potential, plausible claims for relief under § 1983. Consequently, those claims against those two defendants survive the Court's initial screening process and are not subject to dismissal at this time.

### III. CONCLUSION

Accordingly, it is **ORDERED** that Johnson's § 1983 claims against Defendants based upon allegations of verbal harassment and threats are **SUMMARILY DISMISSED**.

Further, it is **ORDERED** that Johnson's claims against Defendant Howard and Defendant Tanner are **SUMMARILY DISMISSED**.

**This is not a final order and does not close the above-captioned case.**

> */s/Susan K. DeClercq*
> SUSAN K. DeCLERCQ
> United States District Judge

Dated: May 8, 2026